UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELINA M. CODINA,

                              Petitioner,

        -against-                                  08 Civ. 9901 (RMB) (DCF)

CHRISTOPHER SHANAHAN, JOHN             **ORDER**
TSOUKARIS, ERIC H. HOLDER, JANET
NAPOLITANO, and JOHN CLARKE,

                             Respondents.
------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/09

## I. Background

On or about November 17, 2008, Angelina Codina ("Petitioner" or "Codina"), proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Christopher Shanahan ("Shanahan"), the New York Acting Field Director for the U.S. Department of Homeland Security, U.S. Attorney General Eric Holder ("Attorney General Holder"), John Tsoukaris, Acting Field Director for the U.S. Department of Homeland Security, Janet Napolitano, Director of the U.S. Department of Homeland Security, and John Clarke, Director of the U.S. Bureau of Immigration and Customs Enforcement (collectively, "Respondents"), challenging her detention in Monmouth County Correctional Institution ("MCCI") in Freehold, New Jersey, and alleging, among other things, that upon entering the United States she was detained by Respondents "as an arriving alien held without bond," and that her "continued detention violates international law, her Fourth Amendment rights and other liberties." (Pet. for Writ of Habeas Corpus, dated Sept. 30, 2008 ("Pet."), at 1–2, 22, 25.)

Petitioner argues, among other things, that Shanahan "exercises primary custody over her" and Attorney General Holder plays a "unique role" in immigration matters. (Pet. at 8, 18.) On November 17, 2008, Petitioner also filed a separate motion for bail seeking, among other

things, to be "release[ed] . . . pending resolution of the habeas corpus proceedings." (Pl. Mot. for Bail, dated Sept. 30, 2008 ("Bail Mot."), at 11.)

On or about April 2, 2009, the Respondents filed an opposition to the Petition, arguing, among other things, that "[t]he only proper respondent to Codina's habeas petition is the warden of the MCCI, and the only proper forum for the petition is the district court located in the district of Codina's confinement, the District of New Jersey." (Defs. Opp'n to the Pet. for Writ of Habeas Corpus, dated Apr. 2, 2009 ("Opp'n to Pet."), at 8; see also Defs. Opp'n to Bail Mot., dated Mar. 10, 2009.)

Petitioner did not file a reply.

On or about August 13, 2009, United States Magistrate Judge Debra Freeman, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that this action, including the Petition and the Bail Motion, be transferred to the United States District Court for the District of New Jersey. (Report at 7.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections." (Report at 7.) To date, neither party has filed objections.

**For the reasons stated below, the Report is adopted in its entirety and this action, including the Petition and Bail Motion, are transferred to the United States District Court for the District of New Jersey.**

## II. Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Freeman properly concluded that "the warden of the MCCI can be the only proper respondent here, and, given that this institution is located in New Jersey . . . , jurisdiction over the [P]etition lies only in the District of New Jersey." (Report at 5); see Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("[I]n habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held, not the Attorney General or some other remote supervisory official."); see also Walters v. Chertoff, No. 05 Civ. 1672, 2005 WL 3416124, at *2 (D. Conn. Dec. 12, 2005); Ortega v. Gonzalez, No. 05 Civ. 2365, 2005 WL 1523783, at *1 (E.D.N.Y. June 28, 2005); Drakoulis v. Ashcroft, 356 F. Supp. 2d 367, 371 (S.D.N.Y. 2005).

### IV. Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Freeman's

Report in its entirety and directs the Clerk of Court to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631 and to close this case on the Court's docket.

Dated: New York, New York
       September 1, 2009

                                                                  RICHARD M. BERMAN, U.S.D.J.